UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

XEROX CORPORATION,

                Plaintiff,          11-CV-6156T

      v.                      **ORDER**

GRAPHIC MANAGEMENT SERVICES INC.,
GRAPHIC MANAGEMENT SERVICES, INC.,
MHW, INC., and DAVID TABAH,

                Defendants.
_____

      Plaintiff Xerox Corporation ("Xerox"), brings this diversity action against defendants Graphic Management Services Inc., Graphic Management Services, Inc., MHW, Inc., and David Tabah claiming that the defendants breached two lease agreements, and a purchase agreement relating to printing equipment sold or leased by Xerox to the defendants. Plaintiff filed an Amended Complaint against the defendants on September 6, 2011, and having already personally served the defendants upon filing of the original complaint, served the Amended Complaint via United States Mail. Although counsel for the defendants, who is based in California, (as are the defendants) contacted plaintiff's attorney to discuss certain aspects of the case, the defendants failed to answer or otherwise appear in a timely manner.

      On October 4, 2011, plaintiff sought an entry of default from the Clerk of the Court. The Clerk of the Court made an entry of default against the defendants on October 5, 2011. Thereafter, on October 10, 2011, plaintiff moved for a default judgment on grounds that the defendants had not appeared in or defended the action.

By motion dated November 21, 2011, defendants move to set aside the entry of default, oppose plaintiff's motion for a default judgment, and seek permission to file an answer to the Amended Complaint.  According to the defendants, the delay in responding to the Amended Complaint was inadvertent, and resulted from excusable neglect.  Defendants also contend that their defenses to plaintiff's claims are meritorious, and plaintiff would suffer no prejudice if the court were to grant defendants' motion and permit defendants to answer the Amended Complaint.

Rule 55 of the Federal Rules of Civil Procedure provides that the Court may set aside an entry of default "for good cause."  The Rule provides that an entry of default may also be vacated pursuant to Rule 60(b), which provides that a party may be relieved from a judgment based on a party's mistake, inadvertence, surprise, or excusable neglect.  In the instant case, defendants have adequately explained that the delay in answering the Complaint was the result of excusable neglect, and I find that plaintiff will in no way be prejudiced by the defendants short delay in responding to the Amended Complaint.  Accordingly, I grant defendants' motion to vacate the entry of default.  Defendants shall have 30 days from the date of this Order in which to file an Answer or otherwise move against the Complaint.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         December 15, 2011