UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

XEROX CORPORATION,

                              Plaintiff,          11-CV-6397

          v.
                                                  **DECISION
                                                  AND ORDER**
GRAPHIC MANAGEMENT SERVICES, INC.,
GRAPHIC MANAGEMENT SERVICES INC.,
MHW, INC., AND DAVID TABAH

                              Defendants,
_____

## <u>INTRODUCTION</u>

Plaintiff Xerox Corporation ("Xerox") brings this action against defendants Graphic Management Services, Inc., Graphic Management Services Inc., MHW, Inc., ("MHW") and David Tabah ("Tabah") claiming that the defendants breached two lease agreements and one purchase agreement pursuant to which Xerox leased and sold commercial printing equipment and supplies to the defendants. Specifically, Xerox claims that the defendants failed to make their lease and other payments as required under the agreements.

After initially failing to appear, and having an entry of default entered against them by the Clerk of the Court, the defendants answered the plaintiff's Complaint,

and asserted several counterclaims against Xerox.  By Order dated July 17, 2013, I dismissed all but two of the defendants' counterclaims, and  granted plaintiff's motion for summary judgment on the issue of defendant MHW's liability under the lease and purchase agreements. Specifically, I held that the agreements entered into by Xerox and HMW were valid and binding, and obligated HMW to pay the agreed-upon lease payment amounts.

Having found defendant HMW liable for payments owed under the lease and purchase agreements, I ordered the parties to proceed with discovery on the issue of damages to which Xerox was entitled.  I further ordered that the plaintiff could proceed on its personal claims against defendant Tabah, (who controlled MHW) and that the defendants could proceed with their counterclaims against Xerox for breach of contract and revocation of acceptance.

Thereafter, according to the plaintiff, the defendants refused to engage in discovery, and defendant Tabah refused to be deposed.  On January 22, 2014, local defense counsel moved to withdraw as counsel for the

defendants on grounds that Tabah had discontinued all communication with counsel. By Order dated February 24, 2014, United States Magistrate Judge Jonathan W. Feldman granted local counsel's motion, and directed the defendants to have new local counsel appear in the action no later than March 7, 2014. Although defendants continued to be represented by attorney Marshall Sanders, a member of the California Bar admitted for this action pro hac vice, the Court required defendants to retain local counsel as required by Rule 83.2 of the Local Rules of the United States District Court for the Western District of New York.

Defendants, however, have failed to retain local counsel. According to attorney Sanders, MHW has gone out of business and has no assets from which a judgment could be paid. Nor have the defendants responded to Xerox's pending motion for summary judgment on the issue of damages, which was filed in December, 2013, while defendants were still represented by local counsel. As a result of the defendants' failure to respond to Xerox's motion, and failure to appear with local counsel as

Ordered by this Court, Xerox now seeks an entry of default against the defendants, and dismissal of the defendants' remaining counterclaims.  Plaintiff does not seek a monetary judgment at this time, but asserts that it will submit proof of damages should the Court enter a default against the defendants.  Attorney Sanders, in an untimely filing with the court, seeks permission to proceed as counsel for the defendants without retaining local counsel, and asks the court on behalf of the defendants for additional time to complete discovery.  According to Sanders, defendant Tabah was recently diagnosed with a malignant cancer and has been unable to effectively assist with the preparation of his case.

For the reasons set forth below, I grant plaintiff's motion for an entry of default against all defendants.  In addition to granting plaintiff's motion for default, I grant plaintiff's motion to dismiss defendants' counterclaims.  I deny plaintiff's motion for summary judgment as moot, and I deny defendants' motion to proceed without local counsel.

## BACKGROUND

This action was commenced on August 15, 2011.   On September 6, 2011, the plaintiff filed an Amended Complaint, and Xerox served all defendants on or before September 13, 2011.   No defendant answered the Amended Complaint, and on October 4, 2011, plaintiff moved for an entry of default against all defendants.

On October 5, 2011, the Clerk of the Court issued an entry of default against defendants Tabah, MHW, and Graphic Management Services, Inc. On November 3, 2011, the Clerk of the Court issued an entry of default against defendant Graphic Management Services Inc.[1]

More than one month after the initial entry of default was issued against defendants Tabah, MHW, and Graphic Management Services, Inc., on November 11, 2011, attorney Marshall Sanders filed a motion to appear pro

---

[1] The Amended Complaint identified two defendants almost identically.  One defendant is  identified as "Graphic Management, Inc." and another as "Graphic Management Inc."--the only difference between the two being the insertion of a comma after the word "management" in one of the captioned names. According to the Amended Complaint, plaintiff named both entities because it was not clear as to whether or not the entity "Graphic Management, Inc." used a comma in its corporate name.

<u>hac</u> <u>vice</u> on behalf of all defendants. Defendants then moved to vacate the defaults that had been entered against them, and by Order dated December 15, 2011, I granted the defendants' motion.

Thereafter, the defendants sought (and obtained) an adjournment of a scheduling conference on grounds that they  sought to pursue settlement negotiations with Xerox. By letter to the Court dated March 5, 2012, defendants stated that they would "prepare information to be submitted to Xerox's counsel" and would further discuss the possibility of settlement after the submissions were made. <u>See</u> March 5, 2012 Letter from Paul Leclair to the Court (docket item no. 36). According to Xerox, however, the defendants never submitted the promised information. <u>See</u> May 31, 2014 Declaration of Tony Sears at ¶ 11 (docket item no. 68-1). As a result of the adjournment of the scheduling conference, no scheduling order was issued in this matter until November, 2013, more than two years after the initial Complaint was filed.

Despite no discovery having taken place, plaintiff moved for summary judgment on the issue of defendant MHW's liability under the uncontested agreements that MHW entered into with Xerox. By Order dated July 17, 2013, I granted plaintiff's motion and held that defendant MHW was liable to Xerox for payments under the lease and purchase agreements, and further held that Xerox could proceed with its individual claims against defendant Tabah. I directed the parties to proceed with discovery on those claims, and also on defendants' claims for breach of contract and revocation of acceptance. On November 22, 2013, the Court issued a Scheduling Order requiring, inter alia, that mandatory initial disclosures be made by December 19, 2013. Less than one month later, Xerox moved for summary judgment against MHW on the issue of damages.

Defendants, however, never produced the required initial disclosures, and never responded to the plaintiff's motion for summary judgment. Instead, by motion dated January 3, 2014, and amended motion dated January 22, 2014, local counsel moved to withdraw its

representation of all defendants on grounds that
defendant Tabah, the principal in control of MHW, refused
to communicate with counsel, or in anyway assist with the
defense of the claims made by Xerox or prosecution of the
defendants' counterclaims. Specifically, counsel stated
that:

> The basis for the motion is that Mr.
> Tabah, the individual defendant and the
> principal of the corporate defendants,
> will not communicate with me. For the
> past two months, I have made diligent
> and repeated efforts to contact Mr.
> Tabah. I have left phone messages and
> sent him electronic mail (employing
> methods I have normally used to
> communicate with him in the past)
> advising him that [counsel] cannot
> continue to represent him unless he
> communicates with me. Nonetheless, he
> has not returned my messages or made any
> attempt to communicate with me.

Affidavit of Paul LeClair in Support of Motion to
Withdraw at ¶ 4. Tabah did not controvert counsel's
allegations, and on February 24, 2014, Magistrate Judge
Feldman granted counsel's motion to withdraw, and Ordered
defendants to retain new local counsel on or before March
7, 2014.

Defendants failed, however, to appear with new local counsel by March 7, 2014, and failed to request additional time to retain new local counsel. Nor did the defendants respond to plaintiff's interrogatory requests, requests for production of documents, requests for admissions, or notice to take the deposition of defendant Tabah. Although the defendants were required to respond to the plaintiff's requests on or before April 14, 2014, the defendants never did so, nor did they request an extension of time to respond. Similarly, although the defendants were required to respond to plaintiff's December 11, 2013 motion for summary judgment in January, 2014, the defendants never responded to plaintiff's motion, and never sought an extension of time to respond to the motion.

As a result of the defendants repeated failures to comply with Court-ordered deadlines; failure to obtain local counsel as required by the court; failure to produce initial disclosures; failure to respond to plaintiff's discovery requests; failure to be available for the taking of a deposition; failure to oppose or

respond to plaintiff's motion for summary judgment; and defendants' apparent failure to communicate with their local counsel as evidenced by counsel's motion to withdraw, plaintiff now seeks an entry of default against the defendants for failure to appear and prosecute or defend the remaining claims in this action.

## **DISCUSSION**

### I.  Bases for obtaining an entry of default

Plaintiff moves for an entry of default against the defendants pursuant to Rules 37, 41 and 55 of the Federal Rules of Civil Procedure (the "Federal Rules") on grounds that the defendants have failed to comply with the Court's Orders regarding discovery, and have failed to formally appear following the withdrawal of their previous local counsel.

Rule 37(b)(2)(A) of the Federal Rules provides that where a party "fails to obey an order to provide or permit discovery," the Court "may issue further just orders" sanctioning the non-compliant party.  Such orders may include, but are not limited to, "dismissing the

action or proceeding in whole or in part.," or "rendering a default judgment against the disobedient party . . . ." Fed. R. Civ. P.  37(b)(2)(A)(v);  37(b)(2)(A)(vi).  Rule 41 of the Federal Rules provides that where a party fails to prosecute its claims or fails to comply with the Federal Rules or a court order, the opposing party may move to dismiss the action or any claim against it.  Fed. R. Civ. P. 41(b), 41(c).  Rule 55(a) of the Federal Rules provides that where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

> II. Plaintiff is Entitled To an Entry of Default and Default <u>Judgment against the defendants</u>.

It is without question that default judgments are generally disfavored, <u>Peoples v. Fisher</u>, 299 F.R.D. 56, 58 (W.D.N.Y. 2014)(Wolford, D.J.), and that courts prefer to decide cases on the merits "whenever reasonably possible." <u>Westchester Fire Ins. Co. v. Mendez</u>, 585 F.3d 1183, 1189 (9th Cir. 2009). However, where a party has

shown no interest in litigating an action, and prejudice accrues to the party diligently attempting to assert or protect its rights, courts will not hesitate to grant a request for a default judgment. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir.1993). (where "a litigant is confronted by an obstructionist adversary," the availability of default judgment "play[s] a constructive role in maintaining the orderly and efficient administration of justice."); Fed. Nat. Mortgage Ass'n v. Olympia Mortgage Corp., 2014 WL 2594340 *2 (E.D.N.Y. June 10, 2014).

While it is within the Court's discretion to decide whether or not a default judgment should be granted, the Court may look to numerous factors, including "whether [the] plaintiff has been substantially prejudiced by the delay involved[ ] and whether the grounds for default are clearly established or are in doubt." O'Callaghan v. Sifre, 242 F.R.D. 69, 73 (S.D.N.Y. 2007)(quoting 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure, § 2685 (3d ed.1998). Courts may also consider whether or not the default was

wilful, and whether or not there are valid defenses to the plaintiff's claims. Id.  See also Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir., 1986)(court may consider factors such as, inter alia, merits of plaintiff's substantive claims, possibility of dispute as to material facts, and amount in controversy).  In light of all of these factors, I find that granting plaintiff's motion for default is warranted.

Initially, I note that the plaintiff has been severely prejudiced by the delay that has occurred as a result of defendants' failure to comply with discovery orders or formally appear since March of this year. According to an affidavit submitted by attorney Marshall Sanders, who was admitted pro hac vice to assist defendants' former local counsel, MHW, the corporation that I found was liable to Xerox as a result of HMW's default of its lease and purchase obligations, has gone out of business, and is "judgment proof."  That change in status occurred during the pendency of this litigation, and has severely prejudiced Xerox's ability to recover monetary damages.

Moreover, I find defendants' default to be wilful, and not the result of negligence or mistake. Defendants' former counsel attempted unsuccessfully to contact Tabah for several months prior to seeking to withdraw as counsel. According to the unrebutted affirmation of former counsel, Tabah simply refused to communicate with counsel, or assist in any way with the prosecution of his counterclaims or defense of the claims against him. There is no question that defendants were aware of their discovery obligations, and obligations to respond to plaintiff's motion for summary judgment, but defendants simply chose not to do so. Moreover, despite being directed by the Court in February to obtain local counsel, defendants have failed to do so, and failed to request additional time to do so.

With respect to the merits of plaintiff's claims, plaintiff's entitlement to relief, and the possibility of contested material facts, I find that plaintiff's claims are meritorious, that Xerox is entitled to the relief it seeks, and that there are no significant issues of material fact that would preclude granting a default

judgment.  This court has already determined that MHW is liable to Xerox for breaching its obligations under the lease and purchase agreements, and therefore, Xerox has clearly shown that it is entitled to relief.  While liability was not determined as to Tabah or the remaining corporate entities, defendants' refusal to engage in the litigation process has prejudiced the ability of Xerox to obtain information that would demonstrate defendants' liability.  Defendants who refuse to appear and defend against the claims made against them can not be allowed to benefit from their actions.  See Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 857 (8th Cir. 1996) ("where the conduct of a party amounts to willful misconduct, the existence of a meritorious defense does not prohibit default judgment.")  Accordingly, I find that default against all defendants is appropriate.  See e.g. Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)(holding that grant of default judgment would be appropriate where the defendant failed to appear for deposition, dismissed counsel, gave vague and unresponsive answers to interrogatories, and failed to

appear for trial, but reversing grant of default judgment for other reasons); <u>Hoxworth v. Blinder, Robinson & Co., Inc.</u>, 980 F.2d 912, 918 (3d Cir. 1992) (holding that the district court in that case "could have imposed a default judgment against the defendants for failure to comply with its own unambiguous orders to obtain substitute counsel, file a pretrial memorandum, and respond to the plaintiffs' discovery requests."). <u>See</u> <u>also</u>, <u>Hounddog Prods., L.L.C. v. Empire Film Grp., Inc.</u>, 767 F. Supp. 2d 480, 486 (S.D.N.Y. 2011)(granting default motion against corporate defendants where counsel had withdrawn from representation, and defendants failed to retain counsel for four months, and failed to comply with discovery orders); <u>Bankers Nat. Life Ins. Co. v. Cont'l Nat. Corp.</u>, 91 F.R.D. 448, 449-450 (N.D. Ill. 1981) (granting default judgment where defendant failed to retain new counsel as ordered by the Court, offered no justification for having failed to retain new counsel, and remained without counsel for more than five weeks). Additionally, because the defendants have abandoned prosecution of their remaining counterclaims against the plaintiff, I

hereby dismiss the remaining counterclaims asserted against Xerox.

III.    The Request of Attorney Sanders to Proceed without Local <u>Counsel is denied</u>.

In an untimely submission to the Court, attorney Marshall Sanders, who concedes that his ability to appear on behalf of the defendants was revoked when this Court granted local counsel's motion to withdraw from representation, seeks permission to represent the defendants, or perhaps only defendant Tabah, without obtaining local counsel, and asks for an extension of time to respond to plaintiff's discovery demands. Attorney Sanders, who asserts that he has represented Tabah in various capacities since 1986, states that "[t]hough Mr. Tabah has not avoided me, he has also been unable to be of much assistance to me in this matter."

I deny Attorney Sanders' requests.  Initially, the requests were made in an untimely manner, well after briefing and discovery deadlines passed.  More importantly, however, it is clear that the defendants, both Tabah himself and the entities he controls, have no

interest in litigating this matter, or litigating this matter in a timely manner. Defendants have had ample opportunity to obtain local counsel, comply with court deadlines, or make timely requests for extensions of time, none of which they have done. Even in the face of the current motion for a default judgment, defendants have been unwilling to defend against such a motion. Because the defendants have prevented the Court from resolving this matter in a timely manner on the merits, and because allowing attorney Sanders to proceed without local counsel does not appear to the Court to be a solution to the continued indifference of the defendants to this matter, the court is left with no option but to grant plaintiff's motion for a default.

## CONCLUSION

For the reasons set forth above, I grant plaintiff's motion for an entry of default, and direct the Clerk of the Court to enter a default against all defendants. Plaintiff's motion to dismiss defendants' counterclaims is granted, and plaintiff's motion for summary judgment is denied without prejudice as moot. Attorney Marshall

Sanders' request for permission to represent defendants without local counsel is denied.

**ALL OF THE ABOVE IS SO ORDERED**.

    S/ MICHAEL A. TELESCA
    HON. MICHAEL A. TELESCA
    United States District Judge

Dated:    Rochester, New York
          August 7, 2014